## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. CIV-14-256-D_____ |
| V. | ) | |
| | ) | |
| AMERICAN RECOVERY | ) | |
| SPECIALISTS, INC. and LAW | ) | |
| FAMILY TRUST, | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, RLI INSURANCE COMPANY ("RLI"), files this Complaint for Declaratory Relief against Defendants, AMERICAN RECOVERY SPECIALISTS, INC. ("ARS") and LAW FAMILY TRUST (aka Law Trust) ("Law Trust") (collectively "Defendants"), and alleges:

## I.

## PARTIES

1.    Plaintiff RLI Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

2.    Defendant American Recovery Specialists, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma County.   It may be served through its registered agent, Richard R. Rice, 2801 Parklawn Dr., Suite 404, Midwest City, OK 73110 or John Walsh, 6654 Canyon Dr., Unit C, Amarillo, TX 79109.

3.    Defendant Law Family Trust, also known as Law Trust, has, upon information

1

and belief, Oklahoma citizens as its trustees.

## II.

## JURISDICTION AND VENUE ALLEGATIONS

3.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because the events or omissions giving rise to the claim occurred in Oklahoma County and the Defendants are subject to the court's personal jurisdiction.

5.      This court has jurisdiction pursuant to 28 U.S.C. § 1332.  There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

6.      Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning insurance coverage for alleged hail damage at several properties, and by the terms and provisions of Title 28 U.S.C. § 2201, this Court has the power to declare the obligations and duties of the parties and to give such other relief as may be necessary.

## III.

## GENERAL ALLEGATIONS

7.      ARS is in the business of automobile repossession.  Defendants own multiple metal buildings in various locations that are used for office space and storage of recovered vehicles.

The RLI Policy

8.      Plaintiff, RLI, issued a marine insurance policy including Commercial

Output Program Property Coverage Part, bearing Policy No. ILM0701808 (the "RLI Policy"), designating Defendants as named insureds, for the policy period beginning September 1, 2012 to September 1, 2013.   A copy of the RLI Policy is attached hereto as Exhibit 1 and incorporated herein.

9.   The RLI Policy includes a "Location Schedule" reflecting "covered locations" for the Commercial Output Program coverage, including the following relevant locations to this lawsuit:

Loc. No. 001 Office/Shop 3600 S. Prospect, Oklahoma City, OK 73129
Loc. No. 002 Automobile Storage 3620 S. Prospect, Oklahoma City, OK 73129
Loc. No. 003 Automobile Storage 3620 S. Prospect, Oklahoma City, OK 73129
Loc. No. 004 Automobile Storage 900 N. Prospect, Amarillo, TX 79106
Loc. No. 007 Office/Shop 2400 S. Portland Ave., Oklahoma City, OK 73104

(hereinafter, Loc. Nos. 001, 002 and 003 are referred to as the "S. Prospect OK Property"; Loc. No. 004 is referred to as the "TX Property"; and Loc. No. 007 is referred to as the "S. Portland OK Property").

10.   The RLI Policy contains the following provisions, among others, that are relevant to this coverage determination.

11.   The insuring agreement in the **COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART** states in pertinent part:

**AGREEMENT**

In return for "your" payment of the required premium, "we" provide the coverage described herein subject to all the "terms" of the Commercial Output Program.   This coverage is also subject to the "schedule of coverages" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, and examination of books and records.

Endorsements and schedules may also apply.  They are identified on the "schedule of coverages."

12.     The **COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART** covers the following perils:

**PERILS COVERED**

"We" cover risks of direct physical loss unless the loss is limited or caused by a peril that is excluded.

13.     The following exclusions in the **COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART** are relevant to the hail claims:

**PERILS EXCLUDED**

2.     "We" do not pay for loss or damage that is caused or results from one or more of the following excluded causes or events:
                              ***
f.     **Defects, Errors, and Omissions** – "We" do not pay for loss which results from one or more of the following:

1)     an act, error, or omission (negligent or not) relating to:
                         ***
b)     the design, specification, construction, workmanship, installation, or maintenance of property;
                         ***
d)     maintenance of property (such as land, structures, or improvements);

whether on or off a "covered location";

2)     a defect, weakness, inadequacy, fault, or unsoundness in materials used in construction or repair, whether on or off a "covered location";

                         ***

In addition, "we" do not pay for loss to business personal property caused by deficiencies or defects in design,

4

specifications, materials, or workmanship, or caused by latent or inherent defects.

But if a defect, error, or omission as described above results in a covered peril, "we" cover the loss or damage caused by that covered peril.

\*\*\*

s.   **Wear and Tear** – "We" do not pay for loss caused by wear and tear, marring, or scratching.

But if wear and tear, marring, or scratching result in a "specified peril" or the breakage of building glass, "we" cover the loss or damage caused by that "specified peril" or the breakage of building glass.

14.   The **COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART** includes the following definitions, referenced in the above policy provisions:

1.   The words "you" and "your" mean the persons or organizations named as the insured on the "schedule of coverages."

2.   The words "we", "us", and "our" mean the company providing this coverage.

9.   "Covered location" means any location or premises where "you" have buildings, structures, or business personal property covered under this coverage.

However, if the Scheduled Locations Endorsement is added to this policy, "covered location" means a location that is described on the Location Schedule.

"Covered location" does not mean vehicles containing covered property, except vehicles on or within 1,000 feet of the premises of any covered building or structure.

27.   "Schedule of coverages" means:

a.   all pages labeled schedule of coverages or schedules which pertain to this coverage; and

     b.     declarations or supplemental declarations which pertain to this coverage.

31.     "Specified perils" means aircraft; civil commotion; explosion; falling objects; fire; hail; leakage from fire extinguishing equipment; lightning; riot; "sinkhole collapse"; smoke; sonic boom; vandalism; vehicles; "volcanic action"; water damage; weight of ice, snow, or sleet; and windstorm.

* * *

Water damage means the sudden or accidental discharge or leakage of water or stream as a direct result of breaking or cracking of a part of the system or appliance containing the water or stream.

33.     "Terms" are all provisions, limitations, exclusions, conditions, and definitions that apply.

15.     The **WINDSTORM OR HAIL SCHEDULE** provides a separate "Flat Deductible" of $10,000 for each separate location listed below:

Loc. No. 001  Office/Shop 3600 S. Prospect, Oklahoma City, OK 73129
Loc. No. 002  Automobile Storage 3620 S. Prospect, Oklahoma City, OK 73129
Loc. No. 003  Automobile Storage 3620 S. Prospect, Oklahoma City, OK 73129
Loc. No. 004  Automobile Storage 900 N. Prospect, Amarillo, TX 79106
Loc. No. 007  Office/Shop 2400 S. Portland Ave., Oklahoma City, OK 73104

16.     The **COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART** includes numerous conditions and duties of the insured, including the following:

**WHAT MUST BE DONE IN CASE OF LOSS**

**3.**     **Proof of Loss** – "You" must send "us", within 60 days after "our" request, a signed, sworn proof of loss.  This must include the following information:

     a.     the time, place, and circumstances of the loss;
     b.     other policies of insurance that may cover the loss;
     c.     "your" interest and the interests of all others in the property involved, including all mortgages and liens;

    d.     changes in title or occupancy of the covered property during the policy period;

    e.     detailed estimates for repair or replacement of covered property; and

    f.     an inventory of damaged and undamaged covered property showing in detail the quantity, description, cost, actual cash value, and amount of the loss.  "You" must attach to the inventory copies of all bills, receipts, and related documents that substantiate the inventory.

* * *

6.    **Damaged Property** – "You" must exhibit the damaged and undamaged property as often as "we" reasonably request and allow "us" to inspect or take samples of the property.

* * *

9.    **Cooperation** – "You" must cooperate with "us" in performing all acts required by the Commercial Output Program coverages.

17.    According to the "Valuation" provision in the **Commercial Output Program Property Coverage Part** and the "Schedule of Coverages", Replacement Cost applies to the RLI Policy and is subject to the following:

> **Replacement Cost** – The value of covered property will be based on replacement cost without any deduction for depreciation unless Actual Cash Value is indicated on the "schedule of coverages."
>
> The replacement cost is limited to the cost of repair or replacement with similar materials on the same site and used for the same purpose.  They payment will not exceed the amount "you" spend to repair or replace the damaged or destroyed property.
>
> Replacement cost valuation does not apply until the damaged or destroyed property is repaired or replaced.   "You" may make a claim for actual cash value before repair or replacement takes place, and later for the replacement cost if "you" notify "us" of "your" intent within 180 days after the loss. . . .

18.    Additional provisions in the RLI Policy may apply to preclude coverage and the RLI Policy, attached as Exhibit 1, is fully incorporated herein.

The S. Prospect OK Property Claim

19.     The S. Prospect OK Property has three metal buildings, reported to be built in or around 1975, scheduled on the RLI Policy that are used for office space and storage of recovered vehicles.

20.     On or about May 29, 2013, the insured's representative notified RLI that the S. Prospect OK Property allegedly suffered damage from a hail storm occurring on May 20, 2013.

21.     RLI, through its independent adjuster, investigated the damage and retained a professional engineering firm to determine the cause of damage.

22.     The professional engineering firm retained by RLI inspected the S. Prospect OK Property and prepared reports that provide the following conclusions:

*Analysis and Conclusions*

Based on the collateral indicators found onsite, two hailstorms have recently occurred at the property that originated from opposing directions, but both storms were associated with hailstones with a maximum size of ½ inch in diameter.  No functional damage occurred to the metal roof or wall panels due to hail impacts.  Although there are numerous dents, creases, or bends in the metal wall panels that are not consistent with hail, there are cosmetic dents in the wall panels that appear to be the result of hail impacts.  The metal roof and wall panels are not damaged by wind.  Water infiltration through these roofs is the result of normal wear and tear, deterioration, and deferred maintenance.

23.     Regarding the five reported leaks at the S. Prospect OK Property, the engineering firm also concluded there were no storm-created openings:

- The cause of leaks 1 and 4 is deteriorated sealant and flashing at roof penetrations due to deferred maintenance.

- The cause of leak 2 is cracks in neoprene washers and gaps in sealant at

fasteners due to deferred maintenance.

- The cause of leak 3 is gaps in vent flashing and gaps and cracks in sealant at fasteners due to deferred maintenance.

- The cause of leak 5 is condensation at the light fixture due to lack of ceiling insulation.

24.     Copies of the engineering reports were provided to the insured's representative.

25.     RLI requested that a local general contractor prepare an estimate to replace metal siding at the S. Prospect OK Property.   Berryman Construction prepared an estimate totaling $115,272.97 for all three buildings.   A copy of the estimate was provided to the insured's representative on September 4, 2013.

26.     The insured's representative expressed his disagreement with the engineering firm's conclusions and estimate but did not present contradicting opinions or offer a different estimate.

27.     On November 6, 2013, RLI, through its independent adjuster, requested that insured's representative present a claim for the S. Prospect OK Property within 60 days as required by the RLI Policy.   To date, Defendants have not submitted a proof of loss for the hail claim related to the S. Prospect OK Property and have been completely unresponsive to all inquiries.

28.     Although not required by the RLI Policy, RLI issued payment to the Defendants in the amount of $47,636.49, which was the amount calculated by RLI's independent adjuster as the net actual cash value ("ACV"), deducting recoverable depreciation ($57,636.48) and applying one deductible ($10,000) to the total repair

estimate of $115,272.97.   The RLI Policy makes clear that the independent adjuster should have applied a separate $10,000 deductible to each of the three buildings for a total deductible of $30,000.   In good faith and an attempt to resolve this claim to the insured's satisfaction, RLI waived the additional two deductibles, amounting to a $20,000 windfall to Defendants.

The TX Property Claim

29.     The TX Property has one metal building, reported to be built in or around 2003, scheduled on the RLI Policy that is used for office space and storage of recovered vehicles.

30.     On or about May 29, 2013, the insured's representative notified RLI that the TX Property allegedly suffered damage from a hail storm occurring on May 28, 2013.

31.     RLI, through its independent adjuster, investigated the damage and retained a professional engineering firm to determine the cause of damage to the metal panel siding of the building.

32.     The professional engineering firm retained by RLI inspected the TX Property and provided the following conclusions:

> Though the subject building exhibited evidence of exposure to hail, there existed no hail damage to the metal panel siding (or other associated elements) attributable to the May 28, 2013 hail event, or any other hail event.

A copy of the report was provided to the insured's representative.

33.     RLI's independent adjuster prepared an estimate of $17,970.75, representing the replacement cost value of the hail damage to the building.

34.     Although not required by the RLI Policy, RLI issued Defendants a check for

the ACV amount (less the applicable $10,000 deductible and recoverable depreciation) for damage to the metal roof.

35.     Later, the insured's representative expressed his disagreement with the payment, but he has never presented RLI with contradicting opinions nor offered a different estimate.

36.     On November 6, 2013, RLI, through its independent adjuster, requested that the insured's representative present its claim for the TX Property within 60 days as required by the RLI Policy.   To date, the insured has not submitted a proof of loss for the hail claim related to the TX Property and has been completely unresponsive to all inquiries.

The S. Portland OK Property Claim

37.     Recently, the insured notified RLI of a new hail claim at the S. Portland OK Property.

38.     However, the insured has not responded to RLI or its independent adjuster's requests to inspect the property.

39.     The insured's representative has threatened litigation against RLI and has expressed disagreement with RLI's estimates of hail damage at the various properties, but refuses to provide its own estimates and proofs of loss.   In an effort to finally bring closure to this matter, RLI brings this declaratory judgment action seeking declaratory relief regarding coverage for the hail claims at the S. Prospect OK Property, TX Property and S. Portland OK Property.

## IV.

## <u>CLAIM FOR RELIEF - DECLARATORY JUDGMENT</u>

40.     RLI re-alleges and incorporates by reference the allegations above.

41.     By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.   RLI contends that it has performed under the insurance contract and has agreed to pay all sums that may be owed thereunder, and Defendants' representative has disputed all estimates and expert findings but has not submitted Defendants' own proofs of loss as have been requested by RLI pursuant to the policy conditions.

42.     RLI seeks a declaration that it has paid and has offered to pay Defendants for the claims for damage to the various properties to the extent that any such claim is covered by the RLI Policy.

43.     RLI further seeks a declaration that the RLI Policy terms, exclusions, limitations and conditions described above and set forth in full in the RLI Policy attached as Exhibit 1 preclude coverage for certain aspects of Defendants' claims as discussed herein or otherwise.

44.     RLI seeks a declaration that Defendants cannot recover under the RLI Policy for any pre-existing problems or damage, maintenance-related problems, wear and tear or other excluded conditions at the various properties as they were not caused by a covered peril and did not commence during the policy period.

## V.

## <u>JURY DEMAND</u>

45.     Plaintiff requests that this civil action be tried before a jury.

## VI.

## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request judgment

against Defendant as follows:

1. A declaration that RLI has properly paid and offered to pay Defendants for the claims under the terms of the RLI Policy;

2. A declaration that the RLI Policy does not cover any additional damage that may be sought by Defendants for the hail claims;

3. A declaration that the RLI Policy does not cover the pre-existing problems or damages, maintenance-related problems, wear and tear or other excluded conditions claimed by Defendants; and

4. Such other and further relief as to which Plaintiff is justly entitled.

Respectfully submitted this 14th day of March, 2014**.**

Respectfully submitted,

*/s/ Brent Rodine*
Brent Rodine
State Bar No. 20319

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
brodine@qslwm.com

**ATTORNEYS FOR PLAINTIFF**
**RLI INSURANCE COMPANY**